# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

UNITED STATES OF AMERICA

V.                                                                NO. 4:15-CR-88

BENNIE LEE HOUSTON

## ORDER

On June 8, 2017, the Court held a hearing on the issue of Defendant Bennie Lee Houston's competency. At the hearing, this Court found Defendant incompetent to stand trial and then, on the Government's motion and without objection by Defendant, ordered a dangerousness assessment of Defendant. This order memorializes these rulings.

## I
## Procedural History

### A. Indictment and Initial Competency Hearing

On July 14, 2015, Defendant was charged in a two-count indictment with one count of being a felon in possession of a firearm and one count of possessing a firearm without a serial number. Doc. #1. On November 4, 2015, this Court, on Defendant's motion, issued an order pursuant to 18 U.S.C. § 4241, directing a psychological evaluation of Defendant to determine whether he "is suffering from a mental disease or defect, to include mental retardation, rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Doc. #32 at 4. On February 5, 2016, this Court received a psychiatric report prepared by Jeremiah Dwyer, Ph.D., which concluded that Defendant was competent to stand trial. Doc. #38 at 24.

On May 20, 2016, the matter was called for hearing but, on the Government's oral

motion, continued by the Court until the Government could secure Dr. Dwyer's attendance at the hearing.[1] Doc. #43. The hearing was continued until June 30, 2016. Doc. #44.

On June 30, 2016, the matter was again called for hearing. However, after the parties advised the Court of their recent receipt of additional medical records of Defendant, and the existence of other information and records not yet obtained which may impact Dr. Dwyer's opinions regarding Defendant's competency,[2] the Court further continued the hearing until all such information and records could be obtained, reviewed and considered.

On August 22, 2016, the Court received from Dr. Dwyer an addendum to his initial psychological report,[3] which he produced after "review[ing] additional information provided by Mr. Houston's family and counsel, including a significant amount of past treatment records …." Doc. #46 at 1. In the addendum, Dr. Dwyer "revised [his] diagnostic opinion based on the additional information provided" to conclude:

> The available records and Mr. Houston's recent decompensation both indicate Mr. Houston is not presently competent to proceed. It is not possible to further assess his present knowledge, but it is apparent he is not presently able to assist in his defense as a result of significant mental health symptoms.
>
> Given these concerns, it is recommended Mr. Houston be committed to a federal medical center for a period of restoration to competency pursuant to 18 U.S.C. Section 4241(d).

*Id.* at 15. The Court thereafter set the continuance of Defendant's competency hearing for September 8, 2016. Doc. #48.

On September 8, 2016, the Court held a hearing, pursuant to 18 U.S.C. § 4247(d) and 18 U.S.C. § 4241(a), on the issue of Defendant's competency to stand trial. At the hearing, the

---

[1] Dr. Dwyer's presence was deemed necessary to address Defendant's objections to the admission of the report. Doc. #43 at 1–2.

[2] An independent examination of Defendant had also been arranged by his counsel as Defendant's counsel advised.

[3] The addendum is dated August 19, 2016.

parties stipulated to the admission and substance of Dr. Dwyer's report and its addendum. Based upon these stipulations, the Court accepted into evidence Dr. Dwyer's report and its addendum, and also heard testimony from Dr. Dwyer.

After consideration of the evidence presented, the Court found by a preponderance of the evidence, pursuant to 18 U.S.C. § 4241(d), that Defendant suffered from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Doc. #50. Accordingly, the Court ordered that Defendant be committed to the custody of the Attorney General, pursuant to 18 U.S.C. § 4241(d), for hospitalization and treatment at a suitable facility for a reasonable period of time, not to exceed four months, as necessary to determine whether there is a substantial probability that in the foreseeable future he will obtain the capacity to permit the proceedings to go forward. *Id*.

### B. Second Competency Hearing

On May 2, 2017, a second psychiatric report was submitted to the Court. Doc. #52. In the report, Gillespie Wadsworth, Psy.D, concludes that Defendant "is not able to understand the nature and consequences of the proceedings against him and to assist in his defense." Doc. #52 at 11. The same day, the Court set a hearing on the issue of competency for June 8, 2017. Doc. #54. On May 30, 2017, the Government filed a motion seeking a dangerousness assessment of Defendant. Doc. #59.

On June 8, 2017, this Court convened a competency hearing regarding Defendant's current mental state. Doc. #62. At the hearing, the Government made an oral motion for a dangerousness assessment of Defendant, to which Defendant's counsel offered no objection. Also at the hearing, the Court admitted without objection Dr. Wadsworth's report and, based on

its conclusion, found Defendant incompetent to stand trial. Additionally, the Court, after the Government conceded there was no compelling government interest in restoring Defendant to competency and proceeding to trial and, accordingly, did not intend to introduce any evidence in that regard,[4] ordered that Defendant undergo a dangerousness assessment.

## II
## Relevant Authority

Where, as here, a defendant has been hospitalized for the purpose of restoring competency, the action becomes subject to 18 U.S.C. § 4241(d), which provides, in relevant part, that "[i]f … at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248." There is no dispute in this case that the period of commitment has ended and that the undisputed evidence (the May 2, 2017, report) establishes that Defendant remains incompetent to stand trial. Accordingly, Defendant is subject to the provisions of § 4246.[5]

Of relevance here, § 4246 provides:

(a) Institution of proceeding. -- If the director of a facility in which a person is hospitalized certifies that a person in the custody of the Bureau of Prisons whose sentence is about to expire, or who has been committed to the custody of the Attorney General pursuant to section 4241(d), or against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person, is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the

---

[4] The Government advised at hearing that it intends to dismiss the case against Defendant but that, under the circumstances, believes it is entitled to a hearing on whether Defendant would be a danger to himself or others if he were to be released.

[5] Section 4248 deals with commitment of a sexually dangerous person and is, therefore, of no relevance here. *See* 18 U.S.C. § 4248.

4

clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.

(b) Psychiatric or psychological examination and report. -- Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c).

18 U.S.C. § 4246(a)–(b).

"[T]he director's certification [is] a necessary prerequisite to a dangerousness hearing; without the certification, a court ordinarily lacks statutory authority to conduct the hearing." *United States v. Bonin*, 541 F.3d 399, 401 (5th Cir. 2008). However, at least one court has held that § 4247(b) authorizes "a reasonable commitment period … for examination and preparation of [the] initial § 4246 report/certification." *United States v. Colvin*, No. 5:15-cr-211, 2017 WL 432791, at *2 (E.D.N.C. Jan. 31, 2017) (internal quotation marks and alterations omitted). This interpretation strikes the Court as the most logical reading of the statute. Therefore, the absence of a certification does not prevent the Court from authorizing a dangerousness assessment under § 4246. Accordingly, the question becomes whether such an assessment is warranted.

In considering the propriety of the assessment, the Court begins by noting that the May 2, 2017, report introduced into evidence shows that Defendant likely suffers from Antisocial Personality Disorder, a condition characterized by "a reckless disregard for [the sufferer's] safety or that of others …." Additionally, Defendant has not opposed the Government's request for the assessment. Under these circumstances, the Court concludes that a dangerousness hearing is appropriate.

Therefore, for the reasons stated at the June 8 hearing and those described above, it is

**ORDERED**:

1. The Government's oral motion for a dangerousness assessment is **GRANTED**.

2. The Government's earlier filed motion for a dangerousness assessment [59] is **DENIED as moot**.

3. The psychological evaluation shall take place at an appropriate facility designated by the Federal Bureau of Prisons and shall occur with all possible speed.

4. Pursuant to 18 U.S.C. § 4247(c), a psychological report shall be prepared and filed with the Court, with copies provided to counsel for the person examined and counsel for the government, and shall include:

    a. the defendant's history and present symptoms;

    b. a description of the psychiatric, psychological, and medical tests employed and their results;

    c. the examiner's finding from each test applied; and

    d. the examiner's opinions as to diagnosis and prognosis, including:

    i. whether the defendant is suffering from a mental disease or defect, as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

5. Neither party waives any objections to the admissibility of the report of the psychological evaluation, or to any evidence pertaining to the psychological evaluation, including any statements that may be made by the defendant during the course of the evaluation.

6. The time from the filing of the initial motion for dangerousness assessment in this case until such time as it and the issue of the defendant's dangerousness are fully resolved by the Court is hereby excluded under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(1)(A) and 3161(h)(7).

7. Upon completion of the psychological examination and evaluation, the facility

designated shall transmit a record of the results to:

>U.S. District Judge Debra M. Brown
>305 Main Street, Suite 329
>Greenville, MS 38701
>Judge_Brown@msnd.uscourts.gov

A copy of the report shall be provided to counsel for the defendant and counsel for the government indicated below:

| M. Scott Davis | Jamiel M. Wiggins |
| --- | --- |
| Assistant Federal Public Defender | Assistant United States Attorney |
| 1200 Jefferson Avenue, Suite 100 | 900 Jefferson Avenue |
| Oxford, Mississippi 38655 | Oxford, Mississippi 38655 |
| scott_davis@fd.org | jamiel.wiggins@usdoj.gov |

**SO ORDERED**, this 16th day of June, 2017.

>**/s/ Debra M. Brown**
>**UNITED STATES DISTRICT JUDGE**