# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

UNITED STATES OF AMERICA

V.  NO. 4:15-CR-88

BENNIE LEE HOUSTON

## ORDER

On November 30, 2017, the Court held a hearing on the issue of Bennie Lee Houston's dangerousness. At the hearing, the Court found by a preponderance of the evidence that Houston's release would not create a substantial risk of bodily injury to another person or serious damage to property of another. The Court also granted an ore tenus unopposed motion of the Government to dismiss the pending charges against Houston. This order memorializes these rulings.

## I
## Relevant Procedural History

On July 14, 2015, Houston was charged in a two-count indictment with one count of being a felon in possession of a firearm and one count of possessing a firearm without a serial number. Doc. #1.

On June 8, 2017, this Court convened a competency hearing regarding Houston's current mental state. Doc. #62. At the hearing, the Court found Houston incompetent to stand trial and then, on the Government's oral motion and without objection by Houston, ordered a dangerousness assessment of Houston.

On October 19, 2017, the Court received from the Federal Medical Center in Butner, North Carolina ("FMC Butner"), a Forensic Evaluation of Houston. Doc. #66. Following receipt of the report, the Court noticed an evidentiary hearing for November 8, 2017, on the issue of Houston's

dangerousness. Doc. #67. The evidentiary hearing was subsequently reset for November 30, 2017. Doc. #68. On November 30, 2017, the Court convened the hearing and admitted into evidence without objection the October 19, 2017, report.

At the conclusion of the hearing, the Court found by a preponderance of the evidence that Houston's release would not create a substantial risk of bodily injury to another person or serious damage to property of another. After this finding, the Government orally moved to dismiss the charges currently pending against Houston. After being advised that Houston did not oppose dismissal, the Court granted the motion to dismiss.

## II
## Factual Findings

After this Court directed a dangerousness assessment, Houston was admitted to FMC Butner on July 11, 2017. At FMC Butner, Houston was seen individually by Gillespie Wadsworth, a Forensic Psychologist, and was regularly observed by staff. Houston also appeared before a Risk Assessment Panel on September 18, 2017. The evaluation period ended on October 10, 2017.

According to the report prepared by Gillespie at the conclusion of the evaluation period, Houston suffers from schizophrenia, a cocaine use disorder, and an alcohol use disorder. Despite these diagnoses, Gillespie believes that:

> Houston responds well to medication and his support system is aware of his mental illness and [is] supportive of treatment. He has a reasonable release plan and supports within the community. Thus, although it is clear Mr. Houston suffers from a mental disease or defect, this mental disease or defect does not cause him to pose a substantial risk of bodily injury to another person or serious damage to property of another.

Gillespie also notes that FMC Butner's risk assessment panel reached the same conclusion.

## III
## Dangerousness Assessment

Pursuant to 18 U.S.C. § 4246(e):

> If, after the [dangerousness] hearing, the court finds by a preponderance of the evidence that the person has recovered from his mental disease or defect to such an extent that –
>
> (1) his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall order that he be immediately discharged[.]

Wadsworth's report – the only evidence related to Houston's dangerousness – establishes by a preponderance of the evidence that Houston's release would not create a substantial risk of bodily injury to another person or serious damage to property of another, and this Court so found at the hearing. Accordingly, pursuant to § 4246(e), Houston is entitled to an immediate order of discharge.

## IV
## Motion to Dismiss

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." "This leave of court requirement has been interpreted to allow the courts to exercise discretion over the propriety of a prosecutorial motion to dismiss." *United States v. Jones*, 664 F.3d 966, 973 (5th Cir. 2011) (quotation marks omitted). As a general rule, a motion to dismiss "should be granted unless the trial court has an affirmative reason to believe that the dismissal motion was motivated by considerations contrary to the public interest." *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982) (quotation marks omitted). "Although the burden of proof is not on the prosecutor to prove that dismissal is in the public interest, the prosecutor is under an obligation to supply sufficient reasons – reasons that constitute more than a mere conclusory interest." *Id.* (footnote and quotation marks omitted).

At the hearing, the Government moved to dismiss the charges against Houston "in light of his mental health issues, and [because] the progress of this case imprisoned him for more than

likely longer that he would have been imprisoned." As mentioned above, Houston does not oppose the requested dismissal. Additionally, in light of the asserted reasons for dismissal, this Court has no reason to believe that the Government's motion for dismissal is motivated by considerations contrary to the public interest. Accordingly, dismissal of the charges against Houston is warranted.

V
**Conclusion**

For the reasons above, the Court orally granted the Government's oral motion to dismiss and found by a preponderance of the evidence that Houston's release would not pose a danger to person or property. Consistent with these rulings, a separate order of release will issue.

**SO ORDERED**, this 30th day of November, 2017.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**